Argued May 19, affirmed June 17, 1954

PRATT *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION
271 P. 2d 659

*C. S. Emmons* argued the cause for appellant. On the brief were Willis, Kyle & Emmons, of Albany, and Charles W. Creighton, Jr., of Salem.

*Vernon D. Gleaves,* Assistant Attorney General, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, of Salem.

Before WARNER, Acting Chief Justice, and ROSSMAN, TOOZE and PERRY, Justices.

WARNER, A.C.J.

Kate T. Pratt, widow of Frank E. Pratt, brought this action to recover benefits under the Workmen's Compensation Law on account of the death of her husband alleged to have arisen as a result of an accident while he was employed by O. M. Middlekauff as a carpenter. Plaintiff's claim was rejected by the defendant Oregon State Industrial Accident Commission for want of sufficient evidence. Thereafter she appealed to the circuit court where the matter was heard without a jury. From a judgment dismissing her complaint, plaintiff now appeals to this court.

The sole question for determination is whether or not the trial court was in error in finding that there was insufficient evidence to prove that Mr. Pratt sustained "a personal injury by accident arising out of and in the course of his employment caused by violent or external means". ORS 656.202.

It appears that Frank E. Pratt, plaintiff's deceased husband, was employed by Mr. Middlekauff for a period between August 21, 1951 and September 21, 1951. During that time he did some painting and carpenter repair work on a dwelling house in Corvallis,

Oregon. This he did alone except for two or three days when he had the assistance of his son-in-law, Harley Long.

The following appear as uncontradicted facts: While thus employed by Mr. Middlekauff, Mr. Pratt was instructed to and did remove several old concrete steps. Sometime during the period of his employment Mrs. Pratt noticed that he was limping when he returned from his work but did not know the reason therefor. On September 22, 1951, he called upon Dr. Gearey for treatment, advising the doctor that he had injured his toe by dropping a stone upon it but not telling the doctor that it was incurred while in someone's employ or even while working. A medical examination revealed that the left great toe was broken and the presence of gangrene, a condition necessitating the toe's amputation on October 23, 1951. Medical treatment by Dr. Gearey continued with frequency thereafter, until Mr. Pratt's death on January 13, 1952. Between the time of the toe injury and his death, Mr. Pratt did not file a claim for compensation with the defendant commission, notwithstanding that ORS 656.274 (1) requires a filing within three months after the date upon which the accident occurred. The first and only claim was that filed by his wife, and it is the basis for the instant suit. His employer, Mr. Middlekauff, a practicing attorney, did not file an accident report as required by ORS 656.422 until after Mr. Pratt's death.

Aside from certain declarations alleged to have been made by the decedent, to which we will make further reference, there is absolutely nothing in the record to support a conclusion that the injury, which, it is said, precipitated Mr. Pratt's death, arose "out

of and in the course of his employment caused by violent or external means''. ORS 656.202.

To meet this fatal defect, counsel for plaintiff, over objection that the testimony was hearsay, made an offer of proof through Mr. Pratt's employer to the effect that the decedent had told him that the injury had resulted from a slab falling on his foot and that the slab was the first support at the end of the porch on the Middlekauff house. Later, and likewise for the same reasons, the testimony of Harley Long was offered, which in substance was that Pratt had told Long, prior to going to the hospital, that he had injured his foot by dropping a block of cement on it while working on the Middlekauff job.

The court rejected the statements of Mr. Middlekauff and Mr. Long offered in proof and, on the authority of *Shepard et ux. v. Purvine et al.,* 196 Or 348, 248 P2d 352, we think rightly. In the Shepard case this court, speaking through Mr. Justice Tooze, summarized in the following words the limited occasions and circumstances under which the declarations of a decedent are admissible (196 Or 372):

"Testimony respecting declarations made during his lifetime by a deceased person is admissible only in certain cases: (1) The declaration, act, or omission of a member of a family, who is deceased * * * is admissible as evidence of common reputation in cases where, on questions of pedigree, such reputation is admissible; § 2-209, OCLA [now ORS 41.840]; (2) the declaration, act, or omission of a deceased person, having sufficient knowledge of the subject, against his pecuniary interest, is also admissible as evidence to that extent against his successor in interest, § 2-210, OCLA [now ORS 41.850]; (3) The declaration or act, verbal or written, of a deceased person, in respect to the relation-

ship, birth, marriage, or death of any person related by blood or marriage to such deceased person; the declaration or act of a deceased person, made or done against his interest in respect to his real property; and also the declaration or act of a dying person, made or done under a sense of impending death, respecting the cause of his death; § 2-228(4), OCLA [now ORS 41.900]; and (4) When a party to an action, suit, or proceeding by or against an executor or administrator appears as a witness in his own behalf, or offers evidence of statements made by deceased against the interest of deceased, statements of the deceased concerning the same subject-matter in his own favor may also be proven; § 3-103(2), OCLA [now ORS 41.850, 44.030].''

Also see *Newman v. Stover,* 196 Or 376, 381, 248 P2d 1069.

The statements attributed to Pratt as being made to the witnesses Middlekauff and Long did not come within any of the exceptions noted in the Shepard case.

Affirmed.